UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GT COMMODITIES LLC, <br><br> Petitioner, <br><br> -against- <br><br> IXM S.A., <br><br> Respondent. | Civil Action No.: 24-cv- 8499 <br><br> **VERIFIED PETITION TO <br> COMPEL ARBITRATION** |

Petitioner, GT Commodities LLC ("Petitioner"), by its attorneys, Freehill Hogan & Mahar LLP, as and for its Verified Petition to Compel Arbitration against Respondent, IXM S.A. ("Respondent"), alleges upon information and belief as follows:

## THE PARTIES

1. At all material times, Petitioner was and is a metal trading company organized and existing under the laws of Delaware with an office and principal place of business in Stamford, Connecticut.

2. Petitioner was the Buyer of a quantity of aluminum under a contract bearing Contract Number S301.03868 with an Effective Date of August 19, 2024 (the "Contract"). A copy of the Contract is annexed hereto and incorporated herein as **Exhibit 1**.

3. At all material times, Respondent was and is a global marketer and trader of physical and concentrate metals organized and existing under foreign law with an office and place of business in Switzerland.

4. Respondent was the Seller under the Contract.

618988.1

## JURISDICTION

5.   This Petition to Compel Arbitration is made pursuant to Sections 2, 4, 5, and 6 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et. seq.*, and Sections 202-204, 206 and 208 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 *et. seq.*

6.   Jurisdiction is proper in this Court pursuant to Section 4 of the FAA, 9 U.S.C. § 4, and Sections 202 and 203 of the Convention, 9 U.S.C. § 202 and § 203.

## FACTUAL BACKGROUND

7.   In or about August 2024, Petitioner and Respondent negotiated and agreed to commercial terms in relation to the Contract, including via email, phone calls, and text messages, culminating in final commercial terms being agreed on August 19, 2024. *See* Ex. 1.

8.   As a result of those negotiations, Respondent memorialized the parties' agreement in a draft contract which was sent to Petitioner. The next day, August 20, 2024, at 3:52PM EST, Petitioner confirmed via e-mail to Respondent the commercial terms "***as drafted***" (emphasis added) in relation to the Contract.

9.   The Contract contains a broadly worded Governing Law and Jurisdiction Clause, which provides:

> This Contract is governed by and construed in accordance with the laws of the state of New York and ***any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules***, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. ***The arbitration shall be held in New York, New York, USA***. The arbitration shall be conducted before one arbitrator. Each of the Parties waives any right that it may now or hereafter have to revoke this

agreement to arbitrate or to withdraw from any arbitration hereunder before an award has been rendered. The expenses of the arbitration shall be borne by and between the Parties as determined in the arbitration.

Ex. 1, at Cl. 17 (emphasis added).

10. Thereafter, the parties took operational steps to implement the Contract, including, but not limited to, the following:

    a. Respondent sourced the material to be sold under the Contract in Canada;

    b. Respondent chartered the vessel ANDESBORG to carry the aluminum from Baie-Comeau, Quebec, Canada to New Orleans, Louisiana;

    c. Respondent sought Petitioner's approval of the vessel for the carriage, which was provided;

    d. The parties communicated over the logistics of the voyage and discharge, including, for example, the stow plan, the discharge berth, etc., with Respondent communicating to Petitioner its understanding that Petitioner was in control of discharge operations and berth locations given that the agreed Contract was on CIF FO terms;

    e. Respondents sought details from the Petitioner regarding the information to be included in the bill of lading for carriage of the cargo;

    f. Respondents sent a draft bill of lading for the cargo to Petitioner for approval;

    g. Loading of the cargo commenced on September 26;

    h. Loading was completed on or about September 29,

    i. On-board bills of lading were issued; and

    j. On October 1, 2024, Respondents issued to Petitioner an invoice referencing the Contract by its Contract Number S301.03868.

11. A dispute later arose about a pricing term of the Contract (*i.e.*, the applicable Quotational Period ("QP") for pricing the aluminum to be sold under the Contract), with Respondent

alleging that the applicable QP was October 2024, and Petitioner maintaining that the applicable QP was September 2024, as stated in the Contract. Ex. 1, at Cl. 13.

12. The parties thereafter exchanged a series of communications relative to the dispute in which, among other things, Respondent acknowledged that there was a "binding agreement between IXM and GT Commodities, LLC ("Gerald") in respect of the sale and purchase of primary aluminium with reference S301.03868…."

13. Petitioner rejected Respondent's effort to alter the agreed pricing terms in the Contract and insisted upon Respondent's confirmation of performance.

14. In breach of the Contract, Respondent refused and, in turn, insisted that Petitioner yield and adjust the pricing term, or Respondent would not perform.

15. Petitioner rejected that request, and Respondent failed to perform in breach of the Contract, causing damages to Petitioner.

16. In light of Respondent's conduct, Petitioner commenced arbitration against Respondent before the AAA/ICDR in accordance with the terms of the Contract.

17. In response to the commencement of arbitration, Respondent has informed Petitioner and the AAA/ICDR that it considers the AAA/ICDR to have no jurisdiction over the dispute because Respondent claims there is no agreement to arbitrate this dispute, and Respondent will not arbitrate this dispute unless compelled to do so by a court.

**REQUEST TO COMPEL ARBITRATION**

18. Petitioner repeats and realleges the foregoing paragraphs as if set forth in full below.

19. As a consequence of Respondent's actions, Petitioner is aggrieved by Respondent's failure or refusal to arbitrate.

20. Respondent should be compelled to arbitrate in accordance with the terms of the Contract.

21. Petitioner has incurred fees and costs to make this application which Petitioner was compelled to make due to Respondent's failure to arbitrate.

**WHEREFORE**, Petitioner prays:

a. That process in due form of law issue against Respondent per this Court's practices;

b. That in accordance with Sections 4 and 5 of the Federal Arbitration Act and Section 206 of the Convention, this Court enter an Order directing the Respondent to arbitrate in accordance with the Contract and the incorporated arbitral rules;

c. That this Court retain jurisdiction over this matter until a final award is entered herein under the terms of the Contract and pursuant to the provisions of the FAA and Convention;

d. That Petitioner be awarded the fees and costs associated with making this Petition, including disbursements and attorneys' fees; and

e. That Petitioner be awarded such other and further relief as the Court may deem just and proper in the circumstances.

Dated: New York, New York
November 8, 2024

FREEHILL HOGAN & MAHAR LLP
*Attorneys for Petitioner*

*/s/ Peter J. Gutowski*

_____
Peter J. Gutowski
Yaakov U. Adler
80 Pine Street, 25th Floor
New York, New York 10005-1759
(T): 212.425.1900 | (F): 212.425.1901
gutowski@freehill.com
adler@freehill.com

## ATTORNEY VERIFICATION

State of New York    )
                              ) ss.:
County of New York  )

      Peter J. Gutowski, an attorney at law, duly admitted to practice in the Courts of the State of New York and before this Court, affirms under penalty of perjury as follows:

      1.      I am the attorney for Petitioner in this matter and have read the foregoing Verified Petition to Compel Arbitration, know the contents thereof and upon information and belief, the matters alleged therein are true.

      2.      The source of my information and the grounds for my belief are communications, papers and reports contained in my file and provided to me by our client.

      3.      The reason this verification is made by an attorney and not by Petitioner is because Petitioner is a foreign entity, none of whose officers are presently within this Judicial District.

                                          */s/ Peter J. Gutowski*
                                        _____
                                            Peter J. Gutowski

618988.1